**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-155-DLB**

**BOBBY G. PULLEN**                                                                                        **PETITIONER**

**VS.**                     **MEMORANDUM OPINION & ORDER**

**J. RAY ORMOND, WARDEN**                                       **RESPONDENT**

*** *** *** ***

Proceeding without a lawyer, Petitioner Bobby Pullen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. (Doc. # 1). Respondent J. Ray Ormond filed a motion to dismiss the petition or, in the alternative, hold this matter in abeyance. (Doc. # 29). Pullen has filed a response to the motion (Doc. # 31) and the Respondent has filed a reply (Doc. # 32). Thus, this matter has been fully briefed and is ripe for review.

In April 1999, after a jury trial, Pullen was convicted in the United States District Court for the District of Kansas of one count of possession with intent to distribute approximately 320 pounds of a mixture or substance containing a detectable amount of marijuana, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). In July 1999, Pullen was sentenced to a term of imprisonment of 262 months. His conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Tenth Circuit. *United States v. Pullen*, No. 5:98-cr-40080 (D. Kansas).

In his § 2241 petition filed in this Court, Pullen states that, at sentencing, his prior conviction for "escape/attempt" was found to be a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2), thus increasing his mandatory sentencing guideline range to 262-327 months. (Doc. # 8 at 2). Pullen now challenges whether his prior escape conviction remains a "crime of violence" for purposes of his sentencing enhancement in light of intervening case law, including but not limited to the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the Sixth Circuit's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). (Docs. # 1, 8).

However, as Respondent points out in his motion, Pullen is also currently challenging whether his prior escape conviction remains a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 in his sentencing court, the United States District Court for the District of Kansas. *United States v. Pullen*, No. 5:98-cr-40080-JAR-1 (D. Kansas). Although the sentencing court denied Pullen's motion, the matter is currently on appeal to the United States Court of Appeals for the Tenth Circuit. *United States v. Pullen*, No. 17-3194 (10th Cir.). A review of the appellate court's docket shows that the matter has been briefed and oral argument was held on September 26, 2018. *Id.*

The Court agrees with Respondent's argument that Pullen's petition must be denied without prejudice because his motion for relief pursuant to 28 U.S.C. § 2255 remains pending before the appellate court. The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A

habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances where § 2255(a) provides a remedy that is structurally inadequate. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Here, Pullen's challenge to the enhancement of his sentence is presently pending before the sentencing and appellate courts, rendering his § 2241 petition to obtain the same relief premature. *Accord Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

Although Pullen's challenge to his sentence in his § 2255 motion is based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States* 136 S.Ct. 1257 (2016), while his challenge in this Court relies on *Mathis*, in both petitions, he is challenging his designation as a career offender under the residual clause of the then-mandatory sentencing guidelines. Indeed, both petitions specifically challenge whether his prior escape conviction qualifies as a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2).

Because Pullen's pending § 2255 motion may render his claims in this proceeding moot, he must complete the process of seeking relief via § 2255 before he may make even a colorable argument that his remedy under that section is "inadequate and ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*,

No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006). Thus, the Court will dismiss his petition, without prejudice, as premature.

Accordingly, it is **ORDERED** as follows:

1. Respondent's motion to dismiss or, in the alternative, hold this matter in abeyance (Doc. #29) is **GRANTED IN PART** to the extent that it seeks dismissal of this action. To the extent that Respondent's motion (Doc. #29) alternatively seeks to hold this matter in abeyance, it is **DENIED AS MOOT**.

2. Pullen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED WITHOUT PREJUDICE** as premature.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 4th day of October, 2018.

Signed By:
David L. Bunning
United States District Judge